UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

REBECCA RECTOR,

                  Plaintiff,            NOT FOR PUBLICATION

          v.                        **MEMORANDUM & ORDER**
                                          17-CV-708 (MKB)

UNITED STATES POSTAL SERVICE,

                  Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Rebecca Rector, proceeding *pro se*, filed this action against Defendant United States Postal Service ("USPS") on February 6, 2017, alleging that USPS lost a laptop that she mailed. (*See generally* Compl., Docket Entry No. 1.) The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Memorandum and Order. For the reasons discussed below, the Court dismisses the Complaint but grants Plaintiff leave to amend the Complaint to allege a contract claim.

**I. Background**

      The Court assumes the truth of the facts set forth in the Complaint for the purpose of this Memorandum and Order. Plaintiff mailed her laptop computer on July 27, 2016 through USPS to Dell Corporation by Priority Mail and, as a result, the laptop was automatically insured up to fifty dollars. (Compl. 5, 10, 24.)[1] The computer did not arrive at its destination. (*Id.* at 5.) Plaintiff received confirmation from USPS that her laptop computer was not delivered to Dell

---

[1] Because Plaintiff attached documents to the Complaint that are not marked as separate exhibits or paginated, all citations to the Complaint and the attached documents refer to the electronic document filing system (ECF) pagination and are referred to as the "Complaint."

Corporation, and USPS did not recover the laptop computer. (*Id*. at 21, 24.) Plaintiff filed an insurance claim with USPS Accounting Services but Accounting Services denied the claim on October 7, 2016 because it was not timely filed. (*Id.* at 23.) Plaintiff appealed the denial of her claim to the USPS Consumer Advocate but the appeal was denied on November 21, 2016 because the initial claim was not timely filed. (*Id.* at 26.) Although the Complaint does not explicitly allege a cause of action, Plaintiff seeks $1287 in damages. (*Id.* at 6.) Based on the facts alleged, the Court construes Plaintiff's claim as a tort and contract claim.

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

### b. Plaintiff's tort claim is barred by sovereign immunity

Under the Postal Reorganization Act, 39 U.S.C. § 101, *et seq.*, the USPS is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. Accordingly, USPS, like the United States, is generally immune from suit. *United States v. Bormes*, 568 U.S. ---, ---, 133 S. Ct. 12, 16 (Nov. 13, 2012) ("Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992))); *Dolan v. USPS*, 546 U.S. 481, 484 (2006).

The Federal Tort Claims Act ("FTCA"), "waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008). However, Congress created certain exceptions to its waiver of sovereign immunity, including the "postal matter exception," which explicitly retains sovereign immunity with regard to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *see generally Dolan*, 546 U.S. at 485.

Here, to the extent Plaintiff's claim is that USPS failed to deliver or recover her mailed package, her claim sounds in tort. *See Przespo v. U.S. Post Office*, 177 F. Supp. 3d 793, 796

3

(W.D.N.Y. 2016) (construing a claim for "gross mishandling" of a fragile package as sounding in tort); *Brown v. eBay*, No. 14-CV-2803, 2014 WL 7342898, at *2 (E.D.N.Y. Dec. 23, 2014) (construing a cause of action against USPS for failure to deliver a package as a tort claim); *Kuhner v. Montauk Post Office*, No. 12-CV-2318, 2013 WL1343653, at *2 (E.D.N.Y. Apr. 4, 2013) (construing a claim for a mis-delivered package as a claim under the FTCA). As a tort claim, Plaintiff's allegations fall within the postal matter exception. *See Dolan*, 546 U.S. at 489 (noting that Congress intended to retain immunity "for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address."). Therefore, Plaintiff's tort claim is barred by sovereign immunity and the Court lacks subject matter jurisdiction over the claim. *See, e.g.*, *Gildor v. U.S. Postal Serv.*, 179 F. App'x 756, 758–59 (2d Cir. 2006) (dismissing tort claims alleging negligence by USPS in "mis-delivering" a package); *Przespo*, 177 F. Supp. 3d at 796 (dismissing a tort claim against USPS for "gross mishandling" of a fragile package because the claim was barred by sovereign immunity); *Brown*, 2014 WL 7342898, at *2 (dismissing a claim sounding in tort against USPS for failure to deliver a package because the suit was barred by sovereign immunity). Accordingly, Plaintiff's tort claim is dismissed.

    c.   **Plaintiff is granted leave to file an amended complaint**

To the extent Plaintiff's claim is that she entered into a contract with USPS because her package was insured up to fifty dollars, her claim sounds in contract. *See, e.g.*, *Simat USA, Inc. v. U.S. Postal Serv.*, 218 F. Supp. 2d 365, 366 (S.D.N.Y. 2002) (construing as a contract claim a plaintiff's attempt to seek insurance recovery for lost mail sent via Express Mail, which is automatically insured up to $500); *see also Coley v. U.S. Postal Serv.*, No. 11-CV-986, 2013 WL 2474357, at *1 (M.D.N.C. 2013) (construing a claim for insurance recovery on priority mail sent

internationally as a contract claim because the plaintiff "obtained insurance for his package subject to the terms, conditions, and law by which USPS agreed to be sued").

Sovereign immunity does not categorically bar contract claims against USPS. *See* 28 U.S.C. § 1346(a)(2) (federal district courts have jurisdiction over "[a]ny . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States."). Rather, USPS may be sued in its official name. *See* 39 U.S.C. § 401(1) (USPS has the general power "to sue and be sued in its official name"). USPS is liable to the extent that it agrees to be liable as identified in postal laws and regulations, including the Domestic Mail Manual ("DMM"), which is issued pursuant to the USPS' power to adopt regulations and incorporated by reference in the Code of Federal Regulations. *See Gelbfish v. U.S. Postal Serv.*, 51 F. Supp. 2d 252, 254 (E.D.N.Y. 1999) (citing *Frank Mastoloni & Sons, Inc. v. U.S. Postal Serv.*, 546 F. Supp., 415, 419 (S.D.N.Y. 1982)). The DMM provides that USPS Accounting Services adjudicates and determines whether to uphold an insurance claim. DMM § 609.6. A customer who is not pleased with the determination of Accounting Services may appeal a claim within thirty days from the date of the original decision. *Id.* If Accounting Services sustains the denial of a claim, the customer may submit an additional appeal with the Consumer Advocate within thirty days for final review. *Id.*

Thus, "[i]n order for USPS to be liable for loss of mail, a party seeking to recover for the loss of registered mail must exhaust all 'administrative remedies available under the postal regulations'" before bringing suit in federal court. *See Blanc v. U.S. Postal Serv.*, No. 14-CV-1404, 2014 WL 931220, at *2 (E.D.N.Y. Mar. 10, 2014) (citations and internal quotation marks omitted); *McBride v. U.S. Postal Serv.*, No. 7-CV-0446, 2007 WL 1965337, at *2 (E.D.N.Y. June 29, 2007) ("In order for the USPS to be liable under a contract theory, a party seeking to

recover for the loss of registered mail must exhaust all "administrative remedies available under the postal regulations before commencing [his] action [in district court]." (quoting *Djordjevic v. Postmaster Gen. U.S. Postal Serv.*, 911 F. Supp. 72, 75 (E.D.N.Y. 1997))); *Gelbfish*, 51 F. Supp. 2d at 255 (dismissing contract claim against USPS for lack of subject matter jurisdiction where plaintiff failed to exhaust his administrative remedies); *Djordjevic*, 911 F. Supp. at 75 ("To the extent that Plaintiff's claim sounds in contract, Plaintiff must first exhaust her administrative remedies available under the postal regulations before commencing her action in the present forum." (citation omitted)).

Here, Plaintiff alleges facts supporting a contract claim against USPS. Plaintiff sent her laptop computer by Priority Mail and automatically received insurance coverage up to fifty dollars. (Compl. 10, 24.) According to the DMM, an insurance claim for Priority Mail insured up to fifty dollars must be filed between fifteen and sixty days after the date of mailing. *See* DMM §§ 503.4.2, 609.1, 609.6. Plaintiff filed an insurance claim and appealed the denial of her claim to the highest USPS appeal authority. (Compl. 23, 26.) Both appeals were denied based on findings that Plaintiff did not file her initial claim in a timely manner but the Complaint does not include any indication of when Plaintiff filed her initial claim. (*Id.*) Accordingly, Plaintiff is granted leave to amend the Complaint to include a contract claim. In any amended complaint, Plaintiff must specify the dates she filed her initial claim. If Plaintiff's claim was not filed within the required time period, Plaintiff should also include any facts to explain why her claim was not timely filed.[2]

---

[2] If Plaintiff filed a late claim, her contract claim may not be exhausted because she did not comply with the exhaustion procedures in the DMM. *See, e.g.*, *Cascio v. U.S. Postal Serv.*, No. 05-CV-3033, 2005 WL 2862584, at *3 (E.D. Pa. Oct. 31, 2005) (granting summary judgment for USPS because the plaintiff did not file her initial insurance claim in a timely

6

## III. Conclusion

Accordingly, because the Court lacks subject matter jurisdiction over Plaintiff's tort claim, the Complaint is dismissed for lack of subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3). Any amendment of Plaintiff's tort claim would be futile because of the postal matter exception to the waiver of sovereign immunity. However, the Court grants Plaintiff thirty days (30) from the date of this Memorandum and Order to file an amended complaint based on a contract claim. Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned "Amended Complaint," and must bear the same docket number as this Memorandum and Order. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action for the reasons set forth above.

---

manner, even though she made all the necessary appeals, and no reasonable juror would accept the reasons for the delay); *see also Simat USA, Inc. v. U.S. Postal Serv.*, 218 F. Supp. 2d 365, 366 (S.D.N.Y. 2002) (noting that there are "four established exceptions to the general rule requiring exhaustion" in the context of a contract claim against USPS); *Nisnick v. U.S. Postal Serv.*, No. 16-CV-4002, 2017 WL 945016, at *7 (D.N.J. Mar. 10, 2017) (noting that "the greater number of relevant cases either explicitly or implicitly assume that exhaustion (i.e., strict compliance with the D.M.M. or [International Mail Manual]) may be excused under certain circumstances." (collecting cases)).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: May 24, 2017
　　　　Brooklyn, New York